Tueítey, J.,
delivered the opinion of the court.
On the 22d day of October, 1859, Henry Miller, Abram Devault, Noah Chiles, Gr. P. Reeder, W. R. Tinker and Nancy lessee, severally recovered judgments against William Lewis, before a justice of the peace of Knox county, for sums amounting in the aggregate to about $875.00.
Executions issued, and there being no personal property, were levied on lands of Lewis, which were condemned by the Circuit Court, sold by the sheriff, and purchased by Henry Chiles.
So much of the return of the sheriff as is necessary to this opinion, is in the language; “After giving the notice required by law, I sold the within named tracts of land to Henry Chiles, agent for the plaintiff.” As we see the case, we need discuss but two questions.
*131 It is insisted that complainants, being citizens of Indiana, had employed Henry Chiles to recover the judgments and collect the money; that as such agent he was authorized to bid off the land, but the war intervening, the complainants, being citizens of a loyal State, and the defendant and Henry Chiles citizens of Tennessee, a State in rebellion at the time of the redemption by Lewis from Henry Chiles, in February, 1862, that therefore the authority of Chiles, if it ever existed under his agency, to receive, the money in redemption, was revoked by the war, and his act in so doing is not binding on complainants. To support this proposition, the case of Conley v. Burson, 1 Heis., 148, is relied on.
There is a ' marked distinction in the cases. In the case cited, the parties were dealing freely and voluntarily, without any pressing constraint of statutes or rules of law, a non-compliance with which would have been ruinous; nor had the complainants in that case done anything from which the defendant would have sustained loss or injury by this - non-action; nor had they done anything bringing into operation any statutes or rules limiting the rights of defendants, the nonobservance of which would work irreparable hurt.
In this case complainants, by their conduct, brought^ about such a state of things as we have described ; they had invoked the aid of the law, and through it brought to sale the defendant’s lands. The defendant must redeem within two years, or his title is gone . absolutely. To do the one and avoid the other, he applies to the party through whom and by whom the *132 law has been invoked, that party in his fiduciary capacity being the creature of complainants, and with, whom the ' defendant had nothing to do except as compelled by the law, manipulated by the agent at the-instance -of his principals. Under this condition of the relation of the parties, when complainants ' have-driven the defendant to the wall, it would be inequitable to allow them to .say to him: “Although we-have sold your land, and one-half of the short time-allowed you to redeem has elapsed, we will take advantage of a war' flagrant in the land, that makes it impossible for you to communicate with us and revokes all agencies made by us. We have put the law in active oppressive motion, the war comes to our relief,, defeating your limited legal right.”
Neither of the parties could have foreseen the war and its consequences. To have commenced legal proceedings at a time when they must- in their cause-complicate with war, was the misfortune of complainants and not the fault of defendant; it was their action that brought about the results,, and. they must sustain the loss.
Again: The return of the sheriff, by which the-defendant was to be governed' in this case, when he came to redeem, shows Henry Chiles to have been the purchaser in his own right; true, the words,. “ agent of the plaintiff,” appear, but they are merely descriptive of the person and create no interest in-complainants. But if we admit that the purchase was .made as agent, still, from all we see in the record, the legal title was in him, and complainants. could *133 ■only have bad it divested out of him by bill in chancery. Being the owner . of the legal title, he was the proper person to redeem from. His agency by the purchase was converted into a trusteeship.
Reverse the decree and dismiss the bill.